THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00109-F

| | |
|---|---|
| GREG GAMACHE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER AND<br>MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on Plaintiff Greg Gamache's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and for frivolity review. To proceed *in forma pauperis*, Plaintiff must demonstrate that payment of court costs would deprive him of the "necessities of life," as required by *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court has reviewed Plaintiff's application and finds that he has appropriately demonstrated an inability to pay court costs. Accordingly, Plaintiff is entitled to proceed *in forma pauperis* and his application is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721,

722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32. After careful review of Plaintiff's Complaint, and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint fails to state a claim for relief that can be granted by this Court.

Plaintiff seeks a court order directing Congress to pass a law protecting citizens from the use of electronic weapons. The Constitution delegates legislative power to Congress and judicial power to the courts. U.S. Const. art. I & III. In other words, Congress enacts the laws and the courts must apply and interpret those laws. *Marbury v. Madison*, 5 U.S. 137, 177 (1803). The doctrine of separation of powers prevents the courts from infringing on the legislative duties delegated to Congress. *See Clinton v. Jones*, 520 U.S. 681, 699 (1997) ("The doctrine of separation of powers is concerned with the allocation of official power among the three coequal branches of our Government. The Framers built into the tripartite Federal Government . . . a self-executing safeguard against the encroachment or aggrandizement of one branch at the expense of the other.") (internal quotation marks and citation omitted). Accordingly, because this Court cannot order Congress to pass a law, Plaintiff has failed to state a claim for relief that can be granted by this Court.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, the Court **RECOMMENDS** that the complaint be **DISMISSED** on frivolity review.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 31st day of March, 2011.

DAVID W. DANIEL
United States Magistrate Judge